UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAURA M. STANSBURY,

    Plaintiff,

v.                                      CASE NO. 3:23-cv-311-TJC-MCR

ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") (Doc. 2). For the reasons stated herein, the undersigned recommends that the Application be **DENIED** and that Plaintiff be ordered to pay the filing fee within **sixty (60) days** of the Court's order on this Report and Recommendation.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915(a)(1). The Court's decision to grant *in forma pauperis* status is discretionary. *See Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). While a litigant need not show that she is "absolutely destitute" to qualify for *pauper* status under Section 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for [her]self and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam). The Court's "consideration of a party's ability to pay . . . is not limited by the party's application for leave to proceed *in forma pauperis*" and the Court may look beyond the application. *Id.* at 1307 n.3.

The Application provides that Plaintiff receives a total monthly payment of $3,281.00 ($2,564.00 in retirement benefits and $717.00 in alimony), has a total of $265.00 in checking and savings accounts, monthly expenses in the total amount of $3,239.00, and one dependent son who is thirty-three years old. (*See* Doc. 2.) Although Plaintiff's household's annual income of $39,372.00 puts them well above the poverty level[2] and their

---

[2] The 2023 poverty level for a household of two is $19,720. *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Mar. 23, 2023).

monthly income exceeds their listed monthly expenses, Plaintiff is asking the taxpayers to fund her lawsuit. However, if the Court allows that in this case, "practically every case will become eligible for *in forma pauperis* status depending upon [Plaintiff's] current cash flow status." *Olsen v. United States*, Civil No. 07-34-B-W, 2007 WL 1959205, *2 (D. Me. July 3, 2007).

Based on the foregoing, it appears that Plaintiff can provide necessities for herself and her family, and also pay the filing fee and costs associated with this action "without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. Aug. 6, 2001); *see also Schmitt v. U.S. Office of Pers. Mgmt.*, No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, *2 (M.D. Fla. Oct. 19, 2009). Therefore, Plaintiff does not meet the financial criteria to proceed *in forma pauperis*, and the undersigned will recommend that Plaintiff be required to pay the filing fee if she wants to proceed with this action. In light of this conclusion, the undersigned need not decide whether this action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," any one of which would require the Court to dismiss the action *sua sponte*. 28 U.S.C. § 1915(e)(2)(B).

Accordingly, it is respectfully **RECOMMENDED** that:

3

1. The Application (**Doc. 2**) be **DENIED**.[3]

2. Plaintiff be ordered to pay the filing fee within **sixty (60) days** of the Court's order on this Report and Recommendation, and that Plaintiff's failure to pay the filing fee in a timely manner would result in the dismissal of this action without prejudice.

**DONE AND ENTERED** at Jacksonville, Florida, on March 24, 2023.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Timothy J. Corrigan
Chief United States District Judge

Counsel of Record

---

[3] The Application is also deficient because it is not notarized.

4